UNITED STATES, Appellee,

v.

John MONTMINY, Defendant, Appellant.

No. 90–1944.

United States Court of Appeals, First Circuit.

Heard June 5, 1991.

Decided June 20, 1991.

Jeffrey C. Coniaris, Boston, Mass., for defendant, appellant.

Mark J. Balthazard, Asst. U.S. Atty., with whom Wayne A. Budd, U.S. Atty., was on brief, Boston, Mass., for appellee.

Before BREYER, Chief Judge, BOWNES, Senior Circuit Judge, and CAFFREY,* Senior District Judge.

CAFFREY, Senior District Judge.

This case arises from the defendant's being convicted after a four day jury trial on eight counts of mail fraud, 18 U.S.C.A. § 1341 (1984 & Supp.1991), and seven counts of interstate transportation of property taken by fraud, 18 U.S.C.A. § 2314 (1970 & Supp.1991). At the close of the government's evidence and again at the close of all the evidence, defendant moved for a judgment of acquittal. The motion was denied after a hearing by the district court.

After the jury verdicts of guilty were returned, the defendant filed a motion for judgment of acquittal notwithstanding the verdict and a motion for a new trial. Both of these motions were denied after a hearing held on September 6, 1990.

The record, read in the light most favorable to the government, shows that defendant set up a shell company, KCM Co., Inc. ("KCM"), in order to obtain from suppliers merchandise for which he had no intention of paying. As part of the scheme, the evidence demonstrated that defendant caused the company to suffer a calamity; namely, the shutting off of the warehouse's gas and heat. After the heating failure, defendant shut down KCM and disappeared, while lulling his suppliers into believing that the business was still in operation and that the money owed to them would be paid. The record shows that through the use of this scheme the defendant obtained from seven different companies approximately $174,000 in merchandise, for which he did not pay.

The elements which must be proven beyond a reasonable doubt in order to sustain a conviction of the crime of interstate transportation of property obtained by fraud are: 1) goods, wares, or merchandise were either converted or taken by fraud; 2) the defendant transported, or caused the transportation of the property, in interstate commerce; 3) the defendant knew that the property was converted or taken by fraud at the time of its transport; and 4) the value of the property must exceed $5,000. 18 U.S.C.A. § 2314 (1970 & Supp.1991).

The key elements of the crime of mail fraud, 18 U.S.C. § 1341 (1984 & Supp.1991), are: 1) the devising or attempting to devise a scheme or artifice to defraud; 2) the knowing and willing participation in the scheme with the specific intent to defraud; and 3) the use of the mails in furtherance of the scheme. *United States v. Freeman*, 619 F.2d 1112, 1117 (5th Cir.1980), *cert. denied*, 450 U.S. 910, 101 S.Ct. 1348, 67 L.Ed.2d 334 (1981).

On appeal, defendant contends that the evidence produced at trial was inadequate to support a finding of intent to defraud. The government responds by pointing out correctly that the question of intent is generally one of fact which can be inferred from a combination of the acts of the defendant. This evidence, briefly summarized, includes the following: the defendant set up the company KCM as a New Hampshire corporation although he operated out of Massachusetts; he gave false addresses in the incorporation papers for KCM in leasing a warehouse in Woburn, and when opening the KCM checking account. The record also shows that defendant used a false name in the letters he sent to his suppliers. Furthermore, he lied to suppliers about the length of time KCM had been in business. He also exaggerated the amount of warehouse space actually owned, and he lied about the number of employees at KCM. The defendant also supplied false credit references to various suppliers and paid for only $16,000 out of the $190,000 in merchandise he received from those suppliers.

Suffice it to say that the foregoing, when taken together, afforded the jury an ample basis to infer that defendant had the intent required for both crimes. Defendant has

---

* Of the District of Massachusetts, sitting by designation.

pointed to nothing in the record which supports his argument, but simply relies on his bald assertion that his overt acts were susceptible to innocent interpretation. Defendant's contention that the court erred in denying him a new trial is patently without merit.

Accordingly, the judgment of the district court is *affirmed*.